UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEISON CHACON ACEVEDO,<br><br>                    Petitioner,<br><br>         v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY, *et al.*,<br><br>                    Respondents. | Case No. 5:25-cv-02767-FLA (RAO)<br><br>**ORDER GRANTING IN PART EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 18]** |

1

On February 20, 2026, Petitioner Chacon Acevedo ("Petitioner") filed an Emergency Motion for Temporary Restraining Order ("Motion"), stating his transfer to an unknown location was imminent, and requesting the court enjoin Respondents from removing Petitioner to a third country, unless and until he and his counsel have been provided with notice and a meaningful opportunity to have an Immigration Judge review any application for protection.  Dkt. 18 at 4.[1]

To preserve the court's jurisdiction pending a ruling on Petitioner's Petition for Writ of *Habeas Corpus*, Dkt. 12, the court GRANTS in part the Motion and **ORDERS** that Petitioner not be removed from the United States unless and until this court orders otherwise.  *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court and maintaining adequate access to counsel throughout the duration of this action, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve

---

[1] Petitioner did not notice a hearing on the Motion, as required by Local Rule 6-1, or comply with the requirements of Local Rules 7-19 & 7-19.1, if he intended to bring this matter as an *ex parte* application.  Nevertheless, the court will exercise its discretion to consider the Motion on its merits.  Petitioner also failed to comply with other procedural requirements, including Local Rules 11-3.2, 11-3.3, 11-3.8, and 11-6.1.  The court expects the parties to comply fully with all statutory requirements, court rules, and court orders.  Failure to so comply may result in the striking or denial of motions and other filings.

2

existing conditions while it was determining its own authority to grant injunctive relief"). If Petitioner has already been transferred outside the United States or this District, Respondents are **ORDERED** to facilitate Petitioner's return to this District immediately.

The Motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: February 20, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge