UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YEISON CHACON ACEVEDO,

                    Petitioner,

     v.

KRISTI NOEM, *et al.*,

               Respondents.

Case No. 5:25-CV-02767-FLA (RAO)

**ORDER DIRECTING RESPONDENTS TO SUPPLEMENT RECORD**

# ORDER

On November 6, 2025, Petitioner Yeison Chacon Acevedo ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") as a violation of the Fourth Amendment Right against Unreasonable Seizure, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and applicable regulations.  Dkt. 1 ("Pet.").[1]  On December 15, 2025, Respondents filed an Answer to the Petition ("Answer").  Dkt. 15 ("Ans.").

On March 2, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report") on the Petition, recommending the court order Respondents to release Petitioner from custody under the same conditions as imposed prior to his current arrest and re-detention.  Dkt. 21 ("Report").  On March 9, 2026, Respondents filed their Objections to the Report and Recommendation ("Objection").  Dkt. 22.  The Report was forwarded to this court on March 19, 2026.

Petitioner is a citizen of the Republic of Colombia ("Colombia"), who entered the United States without lawful status in 2022, and was placed into removal proceedings.  Pet. ¶ 18.  On August 21, 2024, an Immigration Judge found Petitioner inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), but granted Petitioner's request for Withholding of Removal to Colombia, under the Convention Against Torture.  Dkt. 12-1 at 1.  Both Petitioner and the U.S. Department of Homeland Security ("DHS") waived appeal. *Id.* at 6.  Following the entry of the final order of removal, Petitioner was release from ICE custody under an Order of Supervision ("OSUP"), and required to report to ICE periodically.  Pet. ¶¶ 5, 19, 22.

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

On October 8, 2025, Petitioner was arrested when he appeared for a regularly scheduled check-in appointment with ICE, served with a Notice of Revocation of Release (Dkt. 15-1), and re-detained.  Pet. ¶ 22.  According to Respondents, "the government is attempting to remove Petitioner to a third country, following the grant of withholding of removal to his home nation of Colombia," and "has been actively pursuing a third country removal."  Ans. at 16.

Pursuant to 8 C.F.R. § 241.13(i)(2), "[ICE] may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."[2]  The Notice of Revocation of Release, the Answer, and Objection do not identify specifically what changed circumstances caused ICE to make this determination.  *See* Dkt. 15-1; Ans.; Obj.

Accordingly, the court ORDERS Respondents to file a clarifying declaration on or before April 30, 2026, regarding the current status of their efforts to remove Petitioner from this country, which is prepared by an individual who has direct knowledge of Petitioner's case.  This declaration shall be filed and should identify specifically: (1) what circumstances changed to cause Respondents or ICE to determine there was a significant likelihood Petitioner may be removed within six months of his arrest and detention on October 8, 2025; (2) the efforts Respondents have taken to effectuate Petitioner's removal to a third country since he was detained on October 8, 2025; (3) the dates when Respondents, or any authorized representative of DHS or ICE, contacted the government of any foreign country to obtain travel documents and/or the necessary approvals to effectuate travel from the United States; (4) the response(s) Respondents have received regarding their inquiries, if any; and

---

[2] In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held detention for up to six months while the government works to effectuate an alien's removal under a final order of deportation is presumed reasonable and constitutionally permissible.

(5) what communications or requests are currently outstanding and when Respondents anticipate receiving a response.  Failure to file this clarifying declaration timely shall be deemed an admission by Respondents that neither they nor ICE have taken any steps or engaged in any communications with third countries to effectuate Petitioner's removal from the United States.

IT IS SO ORDERED.

Dated: April 20, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

4