UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEISON CHACON ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Defendants. | Case No. 5:25-cv-02767-FLA (RAO)<br><br>**ORDER ACCEPTING AND ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* [DKT. 12]** |

## BACKGROUND

Petitioner Yeison Chacon Acevedo ("Petitioner") is a citizen of the Republic of Colombia ("Colombia"), who entered the United States without lawful status in 2022, and was placed into removal proceedings. Dkt. 1 ("Pet.") ¶ 18. On August 21, 2024, an Immigration Judge found Petitioner inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) but granted Petitioner's request for Withholding of Removal to Colombia, under the Convention Against Torture ("CAT"). Dkt. 12-1 at 3.[1] Both Petitioner and the United States Department of Homeland Security ("DHS") waived appeal. *Id.* at 6. Following

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

1

the entry of the final order of removal, Petitioner was released from United States Immigration and Customs Enforcement ("ICE") custody under an Order of Supervision, and required to report to ICE periodically.  Pet. ¶¶ 5, 19, 22.  On October 8, 2025, Petitioner was arrested when he appeared for a regularly scheduled check-in appointment with ICE, served with a Notice of Revocation of Release (Dkt. 15-1), and re-detained.  Pet. ¶¶ 5, 22.

On November 6, 2025, Petitioner filed the subject Petition for Writ of *Habeas Corpus* ("Petition"), pursuant to 28 U.S.C. § 2241, challenging his detention by ICE as a violation of the Fourth Amendment's right against unreasonable seizure, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and applicable regulations.  Pet.  Petitioner requests *habeas* relief on grounds including that his "continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not reasonably foreseeable," since "[h]e cannot be deported to his home country … because he was granted protection under the Convention Against Torture (CAT) with respect to that country."  *Id.* ¶ 10.

On December 15, 2025, Respondents filed an Answer to the Petition ("Answer") opposing Petitioner's request for release from immigration detention.  Dkt. 15 ("Ans.").   Respondents contend "Petitioner's claims fail as a matter of law because he is lawfully detained pursuant to a final order [of] removal under Immigration and Nationality Act ('INA') § 241(a), and CAT withholding as to Colombia does not bar the United States Department of Homeland Security from pursuing removal to a third country."  *Id.* at 6.  According to Respondents, *Zadvydas* does not require Petitioner's release because "[t]he government has been actively pursuing a third country removal."  *Id.* at 16.

On March 2, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report") regarding the Petition, finding: (1) the court had jurisdiction over the present action, (2) the Petition satisfied the basic pleading

requirements for a federal *habeas* petition, and (3) Petitioner's re-detention upon the revocation of his order of supervision violated federal regulations requiring notice and an informal interview.  Dkt. 21 at 7–16.  Accordingly, the Magistrate Judge recommended this court grant the Petition in part and order Petitioner's immediate release from immigration detention under the same conditions imposed prior to his current arrest and detention.  *Id.* at 16–18.

On March 9, 2026, Respondents filed their Objections to the Report and Recommendation ("Objections"), in which they argued: (1) the Report erred in finding release was justified by deficiencies in Petitioner's detention or the revocation of his supervised release; and (2) the appropriate remedy for any deficiencies was the re-service of revocation documents and an information interview for Petitioner to contest his re-detention, and not release.  Dkt. 22 at 2–5.  Respondents did not object to the Report's findings and recommendations regarding this court's jurisdiction or the factual sufficiency of the *habeas* petition.  *See* Dkt. 22.  The Report and Objections were forwarded to this court on March 19, 2026.

On April 20, 2026, the court ordered Respondents to file a clarifying declaration prepared by an individual with direct knowledge of Petitioner's case, regarding the current status of Respondents' efforts to remove Petitioner from this country, which identified specifically: (1) what circumstances had changed to cause Respondents or ICE to determine there was a significant likelihood Petitioner may be removed within six months of his arrest and detention on October 8, 2025; (2) the efforts Respondents had taken to effectuate Petitioner's removal to a third country since he was re-detained on October 8, 2025; (3) the dates when Respondents, or any authorized representative of DHS or ICE, contacted the government of any foreign country to obtain travel documents and/or the necessary approvals to effectuate travel from the United States; (4) the response(s) Respondents had received regarding their inquiries, if any; and (5) what communications or requests were currently outstanding and when Respondents anticipated receiving a response.  Dkt. 26 at 3.  The court

warned Respondents that failure to file a clarifying declaration timely would be deemed an admission by Respondents that neither they nor ICE had taken any steps or engaged in any communications with third countries to effectuate Petitioner's removal from the United States. *Id.*

On April 30, 2026, Respondents filed a reply to the court's April 20, 2026 Order, stating "Respondents are not presenting a further opposition to the R&R at this time." Dkt. 27 at 2. Respondents did not file a clarifying declaration, as ordered, or provide any information or evidence regarding their efforts to remove Petitioner from this country.

### ANALYSIS

In *Zadvydas*, 533 U.S. at 682, the Supreme Court held that because the indefinite detention of aliens subject to final orders of removal "would raise serious constitutional concerns," the Immigration and Nationality Act "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." Once an alien has been detained for more than six months, "[if] the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.[2] The alien must be released if a court determines "there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

As Petitioner was arrested and detained on October 8, 2025, he had been in immigration detention for more than six months as of the issuance of the April 20, 2026 Order. It is undisputed an Immigration Court granted Petitioner CAT withholding as to Colombia, and that he cannot be removed to that country. *See* Ans. at 6–7. This is sufficient for Petitioner to meet his initial burden to "provide[] good

---

[2] "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *See Zadvydas*, 533 U.S. at 701.

Respondents argue Petitioner's detention has not become indefinite because "[t]he government has been actively pursuing a third country removal." Ans. at 16. Respondents, however, have not submitted any information or evidence regarding their efforts to effectuate Petitioner's removal to a third country. *See* Dkt. 27. As warned in the April 20, 2026 Order, the court DEEMS Respondents' failure to file the clarifying declaration ordered "an admission by Respondents that neither they nor ICE have taken any steps or engaged in any communications with third countries to effectuate Petitioner's removal from the United States." Dkt. 26 at 4.

Accordingly, the court finds there is no significant likelihood of removal in the reasonably foreseeable future and that Petitioner's detention has become indefinite under *Zadvydas*, 533 U.S. at 701. Petitioner, thus, must be released from immigration detention immediately. Having found Petitioner must be released on this basis, the court DECLINES to adopt the Report's finding and recommendation regarding the sufficiency of notice and opportunity to be heard provided to Petitioner before his arrest and current detention, as unnecessary to the court's decision.[3] The court ACCEPTS and ADOPTS in part the Report's findings and recommendations that: (1) this court has jurisdiction over the Petition and subject action, and (2) Petitioner pleads sufficient facts to satisfy the basic pleading requirement for a federal *habeas* petition (Dkt. 21 at 7–10).

///

///

---

[3] This ruling does not indicate and shall not be construed as this court's disagreement with or rejection of the Magistrate Judge's findings, reasoning, and recommendation on this issue or agreement with Respondents' responsive arguments. This court declines expressly to consider whether the notice and other process Petitioner did or did not receive were insufficient or constituted separate and additional grounds to grant the Petition and order Petitioner's release.

## **RULING**

Accordingly, the court ACCEPTS and ADOPTS in part the Magistrate Judge's findings and recommendations in the Report, GRANTS in part the Petition, and ORDERS as follows:

1.  Respondents are ORDERED to release Petitioner from custody immediately under the same conditions previously imposed prior to Petitioner's arrest on October 8, 2025;

2.  Respondents are ORDERED to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

3.  Respondents are ORDERED to file a statement with the court within one (1) business day of Petitioner's release, attesting to Respondents' compliance with this Order; and

4.  Petitioner may submit an application for attorney's fees and supporting evidence, including corresponding billing records, within thirty (30) days of the docketing of this Order.  Respondents may file a response within fourteen (14) days of the filing of Petitioner's attorney's fee application.  Petitioner may file a reply within seven (7) days of the filing of any response.  Petitioner's anticipated attorney's fee application is REFERRED to the Magistrate Judge for a further report and recommendation.

IT IS SO ORDERED.

Dated: May 19, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

6